UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-60207-KMW

MULTIPLAN USA CORPORATION,
a Florida corporation,

   Plaintiff,

vs.

WALTHEM ASSETS, LTD., a
British Virgin Islands company, and
MERLE WOOD & ASSOCIATES,
INC., a Florida corporation,

   Defendants.

_____/

**RESPONSE BY DEFENDANT WALTHEM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT JEFFREY W. COX**

Defendant/Counterplaintiff Walthem Assets, Ltd. ("Walthem"), pursuant to Local Rule 7.1(c), responds in opposition to Plaintiff's Motion In Limine [DE 111] to Exclude Testimony of Defendant's Expert Jeffrey W. Cox, as follows.

  **I. Parol Evidence Rule**.

Plaintiff's first argument for exclusion of Jeffrey Cox's testimony does not relate to the expert's qualifications, whether his methodology was reliable, or whether his testimony would assist the trier of fact under Daubert v. Merrell Dow Pharmaceuticals, Inc.., 509 U.S. 579, 597 (1993).  Rather, Plaintiff invokes the parol evidence rule, relying primarily on federal case law.  However, as that rule is one of substantive law, in a diversity case like this case, state law controls the admissibility of such evidence.  Chase Manhattan Bank v. Rood, 698 So.2d 435, 436

(11th Cir. 1983). A contradiction in a document may render it ambiguous. <u>E-Commerce Coffee Club v. MIGA Holdings, Inc.</u>. 2017 Fla. App. LEXIS 94133 (4th D.C.A. June 28, 2017)[1](trial court erred in excluding extrinsic evidence to resolve ambiguity as to finality of valuation report). Whether deemed "patent" or "latent," an ambiguity permits the introduction of extrinsic evidence to determine the parties' intent and gives rise to a question of fact precluding summary judgment. <u>Nationstar Mortgage Co. v. Levine</u>, 216 So.3d 711, n.2 (Fla. 4th D.C.A. 2017).

In interpreting a contract, "a Court must give meaning to each and every word it contains, and avoid treating a word as redundant or mere surplusage 'if any meaning, available and consistent with other parts, can be given to it.'" <u>Markel Am. Ins. Co. v. CSI Structural Consulting Corp.</u>, 2012 U.S. Dist. LEXIS 40506 (S.D. Fla. 2012), quoting <u>Cantiere Nautico Cranchi, S.P.A. v. Luxury Marine Group, LLC</u>, 2009 U.S. Dist. LEXIS 105590 (S.D. Fla. 2009) citing <u>Roberts v. Sarros,</u> 920 So. 2d 193, 196 (Fla. 2d D.C.A. 2006)(citations omitted).

The Purchase and Sale Agreement does in fact say that the Buyer may supposedly reject the Vessel at any time for any reason or no reason. (Paragraph 4(a)). Taken literally, this would render the Agreement illusory, an impermissible construction. This language must be contrasted with the mandatory language of Paragraph 5 that the Buyer "***has*** selected a surveyor . . .' (Paragraph 5(a)(I))(emphasis added), that [H]e ***shall*** instruct his agent or surveyor to examine and/or inspect the Vessel to ensure the Vessel meets the Buyer's requirements," (Paragraph 5(a)(II))(emphasis added), and that, **"[f]ollowing a satisfactory initial sea trial, a survey including haul-out and mechanical inspection, *will* take place , as well as a surveyor sea-trial, all to Buyer's satisfaction.**"(Paragraph 5, 2nd through 5th lines). None of these requirements were satisfied, and none of them are stated in the Agreement as being at Buyer's

---

[1] Not final pending disposition of timely motion for rehearing.

option.  The testimony of the Buyer's Broker, John Jacboni, was that he originally prepared an Agreement based on a Florida Yacht Broker's Association form, but that the Buyer's side requested changes, which apparently created this contradiction and ambiguity.

In order to give effect to the cited provisions of Paragraph 5 of the Agreement, the logical interpretation is that the Buyer's ability to reject the Vessel must come after these requirements have been satisfied.  Cox's testimony by Affidavit that, given the custom and practice in the industry, a vessel under contract is effectively off the market and cannot be used, a contractual requirement that a surveyor be engaged and a sea trial conducted is for the protection of both the Buyer and the Seller (Cox Affidavit, ¶6(g)), that is the custom and practice in the industry, particularly with yachts of this size, that a survey and sea trial is conducted before acceptance or rejection of the Vessel, to provide a basis to do so, and that the Seller legitimately expects this to occur (Cox Affidavit, ¶6(h).  This interpretation resolves the contradictions and resulting ambiguity between Paragraphs 4 and 5 of the Purchase and Sale Agreement and gives effect to the legitimate expectations of the parties.  Defendant respectfully submits that the Cox Affidavit should be helpful to the Court in resolving this issue.[2]

## II. Cox's Affidavit Does not Invade the Province of the Court.

Cox did not opine on whether Plaintiff breached the Agreement for Purchase and Sale.  Instead, the opinions offered addressed the unreasonableness of Plaintiff's conduct and custom and practice in yachting transactions.  "Reasonableness" is usually established through expert testimony.  Garcia v. GEICO, 2012 U.S. Dist. LEXIS 195066 (S.D. Fla. 2012).  Industry custom and practice may be properly established through expert testimony.  Hill v. Allianz Life Ins. Co.

---

[2] In determining whether a movant has sustained its burden of demonstrating there is no material issue of fact, the Court may consider materials in the record whether or not they are cited in the non-movant's response.  Rule 56(c)(3), Federal Rules of Civil Procedure.

of N. America, 2016 U.S. Dist. LEXIS 174595 (M.D. Fla. 2016). Cox offered opinions, based on over 23 years' xperience in yacht transactions, including the following points:

1)  That, in light of the cirumstances of its preparation, the lack of an inspection of the Vessel, and its content, the November, 2015 report from Chaves would not be accepted as the functional equivalent of a survey or sea trial as understood in the marine industry;

2)  That many first class yachts are made of fiberglass or fiberglass composites;

3)  That, if Peres had decided not to purchase the Vessel the lack of authority for the opinions expressed in the Chaves report, there was no legitimate reason to negotiate an extension of the due diligence period;

4)  That no Seller would have agreed to a survey or sea trial until the Buyer's deposit was received;

5)  That the Buyer's delay in making the necessary arrangements for sea trial, survey and surveyor sea trial were unreasonable under the circumstances;

6)  That the contractual requirements for a survey and sea trial are for the protection of both the Buyer and the Seller, and that Sellers have a reasonable expectation that these will be satisfied before the Vessel is accepted or rejected; and

7)  Based on the circumstances based upon review of the depositions and other documentation in the case, the reasons given for rejection of the Vessel were pretextual.

All of these opinions were fairly based on Cox's experience and his knowledge of the case based on his review of the discovery documents of record, and do not preempt any decisions properly reserved to the Court in this case.

### III.     Cox's Qualifications.

In an effort to justify Plaintiff's failure to engage a surveyor and perform any sort of examination, survey or sea trial of the Vessel, Plaintiff points to a report authored by Manoel Chaves as supposed evidence of good faith.  At the request of Isaac Peres of Multiplan, Chaves sent an e-mail to Peres shortly after the Purchase and Sale Agreement was signed, suggesting that boats in excess of 100 feet in length should be made of aluminum rather than fiberglass.  This is supposed to be evidence of Mulitplan's good faith in rejecting "La Pellegrina," even though Peres himself admitted he put no credence in this opinion at the time, owns a fiberglass yacht in excess of that length, and has never had any problems with it.

Cox's resume reflects that was employed as a yacht broker in Florida from 1993, 2002, including 5 years with Richard Bertram Yachts, Inc., during which he was involved with new construction yachts.  Following that, he has worked as attorney for yacht transactions for over 14 years, including construction and refits.  Based on his background and experience, Mr. Cox certainly possesses "specialized knowledge" regarding yachts which are for sale on the Florida market.  His statement that "many first class yachts are made of fiberglass and fiberglass composites" (Cox Affidavit, ¶6(b) is well within that specialized knowledge and experience.

Given the complex factual inquiry required by Daubert, the summary judgment process does not conform well to the Daubert regime, which should be employed only with great and circumspection at the summary judgment stage.  Cortes-Irizarry v. Corporacion Insular De Seguro, 111 F.3d 184, 188 (1st Cir. 1997).  The questions of admissibility and the weight to be given to expert testimony should not be conflated.  Quiet Tech, DC-8, Inc. v. Hurel-DuBois UK, Ltd., 326 F.3d 1333, 1341 (11th Cir. 2007).

"Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.' Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002). Under this inquiry, an expert must satisfy a relatively low threshold, beyond which qualification becomes a credibility issue for the jury. Martinez v. Altec Indus., Inc., 2005 U.S. Dist. LEXIS 46451 (M.D. Fla. 2005)." J.G. v. Carnival Corp., 2013 U.S. Dist. LEXIS 26891 (S.D. Fla. 2012). Of course, in this case, the trier of fact will be the Court, but the analysis for purposes of Plaintiff's Motion in Limine is the same.

### IV. Specialized Knowledge

Plaintiff cites to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-90 (1993) for the proposition that the subject of expert testimony "must be '**scientific** . . . knowledge." (Emphasis added.)  Plaintiff's Motion in Limine, at p. 6.  However, as the Supreme Court noted in its footnote to the quoted language in the Daubert case, it addressed scientific knowledge, and omitted reference to "technical or other specialized knowledge" as specifically authorized by Rule 702 of the Federal Rules of Evidence, because that case dealt with scientific knowledge.  509 U.S. supra, at 590, n. 8.

With over 23 years' experience with yacht transactions, Mr. Cox has no doubt frequently encountered "Buyer's remorse."   His opinion that Plaintiff's conduct in this case fit that pattern is a fair comment on the evidence.

### CONCLUSION

Defendant Walthem respectfully submits that Plaintiff's Motion in Limine should be denied.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy of the foregoing was electronically filed via CM-ECF and thereby served by e-mail upon Joseph M. Goldstein, Esquire and Amy M. Wessel, Esquire, SHUTTS & BOWEN, LLP, counsel for Plaintiff, 200 E. Broward Blvd., Suite 2100, Ft. Lauderdale, FL  33301, jgoldstein@shutts.com, jgoodwin@shutts.com, awessel@shutts.com, and mstevens@shutts.com,  this  _14th_  day of July, 2017.

                                                      JENNINGS & VALANCY, P.A.
                                                      Counsel for Defendant Walthem Assets LTD
                                                      306 S.E. Detroit Avenue
                                                      Stuart, Florida   34994
                                                      (772) 286-2798
                                                      Primary:  HBrj@aol.com
                                                      Secondary: service.rljpa@gmail.com


                                                      By:___*/s/ Robert L. Jennings*___
                                                             Robert L. Jennings
                                                            Fla. Bar No. 348074