UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-60207-AMS

MULTIPLAN USA CORPORATION,
a Florida corporation,
        Plaintiff,

        vs.

WALTHEM ASSETS LTD., a British Virgin
Islands corporation, and MERLE WOOD &
ASSOCIATES, INC., a Florida corporation,
        Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT WITNESS JEFFREY W. COX
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Multiplan USA Corporation ("Buyer"), files this Reply in Support of its Motion

in Limine [ECF No. 111] to preclude Defendant, Walthem Assets Ltd.'s ("Seller") expert

witness Jeffrey W. Cox from testifying at trial, and in support thereof, states:

**A.      Testimony Regarding Industry Custom Is Inadmissible Because The Parties'
Agreement Is Unambiguous.**

Seller argues in its Response that since the parol evidence rule is one of substantive law,

state law controls admissibility of such evidence.  ECF No. 112 at 1.  Buyer agrees with that

proposition, but notes that both federal and state law prohibit reliance on parol evidence where

an agreement is unambiguous. *See, e.g.*, *O'Neill v. Scher*, 997 So. 2d 1205, 1206 (Fla. 3d DCA

2008) ("Generally, parol evidence is admissible only to clarify the terms of an ambiguous

contract.").  Similarly, state law is in accord with federal law in recognizing that evidence of

industry custom is parol evidence that is not permitted where the terms of the contract are

unambiguous.  *Farr v. Poe & Brown, Inc.*, 756 So. 2d 151, 152 (Fla. 4th DCA 2000) (holding

1

that "the trial court improperly used evidence of industry custom to alter the terms of a plain and unambiguous agreement").

The language of the subject Agreement is, in fact, unambiguous, for the reasons explained in Buyer's Motion in Limine. *See* ECF No. 111 at 3-4. Yet, once again, Seller argues that the Court should not "take[ ] literally" the language of the Agreement that provides that Buyer may reject the Vessel for any or no reason on or before the ACCEPT/REJECT DATE set forth in the Agreement, instead urging the Court to rely on its expert's opinion that Buyer could not reject the Vessel until after it performed a sea trial. ECF No. 112 at 2. In other words, Seller asks the Court to disregard the plain meaning of this key provision.

Seller's argument ignores the well-settled principle that "[u]nder Florida law, '[c]ontract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties['] intent at the time of the execution of the contract." *Ferox, LLC v. ConSeal Int'l, Inc.*, 175 F. Supp. 3d 1363, 1371 (S.D. Fla. 2016) (quoting *Spungin v. GenSpring Family Offices, LLC*, 883 F. Supp. 2d 1193, 1198 (S.D. Fla. 2012)). "[T]he words should be given their natural, ordinary meaning," and "where the language is plain a court should not create confusion by adding hidden meanings, terms, conditions or unexpressed intentions." *Id.* (quoting *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1549 (11th Cir. 1996)). In short, Seller has not shown that the Agreement is ambiguous—a prerequisite to offering parol evidence on industry custom—and Seller's insistence that the Court ignore the plain language of the Agreement is unavailing.

**B.    Mr. Cox's Legal Opinion Regarding Buyer's Purported Breach of Contract Is Inadmissible Because It Invades the Province of This Court**

Buyer's Motion in Limine specifically argues that Mr. Cox has invaded the province of the Court by providing a legal conclusion regarding Buyer's purported failure to comply with paragraph 5 of the Agreement. In its Response, Seller lists seven topics that Mr. Cox addressed in his report in an attempt to refute Buyer's position that Mr. Cox has invaded the province of the Court. To be clear, Buyer has not asserted that Mr. Cox's opinion on those seven topics invades

2

the province of the Court.  Rather, Buyer specifically took issue with the following emphasized

language in the Expert Witness Report:

> The purchase contract in this case has language which indicates
> that the sale is subject to an initial Buyer's sea trial to Buyer's
> satisfaction. Following which, if the Buyer was satisfied with the
> initial sea trial, then the Buyer has the right to a survey, haul-out,
> and mechanical inspection, and a surveyor sea-trial, all to Buyer's
> satisfaction. **Given this express contractual provision** and the
> custom and practice in the industry**, it was unreasonable for
> Buyer not to conduct a sea trial within a reasonable time and
> to reject the Vessel without conducting a survey or sea trial**
> because any of the due diligence that may have been performed
> here by the Buyer could have been done without a contract and
> without taking the Vessel off the market and out of use.

ECF No. 111 at 4.  Yet, Seller's Response does not address whether this specific opinion invades

the province of the Court.

Mr. Cox's opinion—that it was unreasonable for Buyer not to conduct a sea trial "given

this express contractual provision" (referring to paragraph 5 of the Agreement)—could be

construed as an opinion as to whether Buyer breached paragraph 5 of the Agreement.  To the

extent that Mr. Cox is attempting to provide a legal conclusion as to whether Buyer complied

with its contractual obligations, the Court should exclude such testimony because it invades the

province of this Court.  *See, e.g.*, *Dubiel v. Columbia Hosp. (Palm Beaches) Ltd. P'ship*, No. 04-

80283-CIV, 2005 WL 5955691, at *4 (S.D. Fla. Jan. 11, 2005) ("Generally, testimony that

purports to offer legal opinions is properly excluded."); *FNB Bank v. Park Nat'l Corp.*, 996 F.

Supp. 2d 1187, 1192 (S.D. Ala. 2014) (excluding expert testimony regarding whether party

breached agreement because testimony amounted to legal conclusion).

**C.      Seller Has Not Demonstrated that Mr. Cox Is Competent or Qualified to Give an Opinion on Issues Pertaining to Yacht Construction**

Buyer's Motion argued that Seller has not proven that Mr. Cox is qualified to provide an opinion that "Mr. Chaves' criticisms of fiberglass are, if not completely without merit, at least heavily biased towards [a]luminum."   ECF No. 111 at 5-6.   Notably, there is no apparent methodology underlying this opinion, much less a reliable one, as required by *Daubert*. Moreover, Mr. Chaves has worked in the yacht-construction business since 1977 and has owned his own shipyard since 1980, where he designs, builds, and performs maintenance on yachts on a regular basis.   *See* ECF No. 101-1 at 5:7-25, 9:17-21, 11:7-12:12.   Seller still has not demonstrated that Mr. Cox, who has merely worked as a yacht broker and maritime attorney, has the technical expertise required to opine on the merits of Chaves' report and the benefits of using certain materials over others in yacht construction.   Notably, Seller's Response is silent on this issue.   Simply put, Seller has not established that Mr. Cox is an expert in yacht construction. Seller bears the burden of proving its expert is competent and qualified to give this testimony, but it has failed to do so.   As such, this testimony must be excluded at trial.

Although not entirely clear, it appears that Seller next suggests that it is not appropriate for the Court to exclude expert testimony at the summary judgment stage.   *See* ECF No. 112 at 5 ("Given the complex factual inquiry required by *Daubert*, the summary judgment process does not conform well to the *Daubert* regime, which should be employed only with great [care] and circumspection at the summary judgment stage.").   That argument is misplaced, however, because Buyer's Motion merely seeks to preclude or limit Mr. Cox's testimony at trial.   Given that Seller did not even rely on or cite to Mr. Cox's Affidavit (ECF No. 106-1) in its Response to Buyer's Motion for Summary Judgment (ECF No. 98), Buyer has not moved to strike Mr. Cox's

summary judgment affidavit.  Thus, the Court need not rule on the Motion in Limine prior to ruling on Buyer's Motion for Summary Judgment.

In any event, the caselaw on which Seller relies does not support its position.  In *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184 (1st Cir. 1997), the First Circuit expressly acknowledged that "[t]he *Daubert* regime can play a role during the summary judgment phase of civil litigation" and "[i]f proffered expert testimony fails to cross *Daubert*'s threshold for admissibility, a district court may exclude that evidence from consideration when passing upon a motion for summary judgment."  *Id.* at 188.  While the First Circuit did state that, "at the junction where *Daubert* intersects with summary judgment practice, *Daubert* is accessible, but courts must be cautious—except when defects are obvious on the face of a proffer—not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility," *id.*, the court went on to explain:

> Though such an opportunity is most easily afforded at trial or in a trial-like setting, courts have displayed considerable ingenuity in devising ways in which an adequate record can be developed so as to permit *Daubert* rulings to be made in conjunction with motions for summary judgment. *See, e.g., Brown v. SEPTA (In re Paoli R.R. Yard PCB Litig.)*, 35 F.3d 717, 736, 739 (3d Cir.1994) (discussing use of *in limine* hearings), *cert. denied,* 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995); *Claar,* 29 F.3d at 502 (discussing district court's technique of ordering experts to submit serial affidavits explaining the reasoning and methodology underlying their conclusions).

*Id. at* n.3.  Thus, the case on which Seller relies acknowledges that, in some instances, it may be appropriate for the trial court to make *Daubert* rulings in conjunction with its rulings on motions for summary judgment.

Moreover, it is not uncommon for district courts located within the Eleventh Circuit to resolve *Daubert* motions prior to or at the same time as ruling on motions for summary

judgment. *See, e.g.*, *Allison v. McGhan Med. Corp.*, 184 F.3d 1300 (11th Cir. 1999) (upholding trial court's exclusion of expert testimony at summary judgment phase); *Giraldo v. City of Hollywood*, 142 F. Supp. 3d 1292, 1303 (S.D. Fla. 2015), *appeal dismissed* (Dec. 22, 2015) (excluding certain expert opinions as requested in *Daubert* motion and ruling on summary judgment motion in a single order).

Buyer therefore submits that if the Court wishes to resolve the Motion in Limine prior to ruling on the summary judgment motion, it may do so. However, Buyer does not believe that a ruling on the motion is required before the summary judgment motion is resolved, given that Seller has not even relied on Mr. Cox's opinions in its Response in Opposition to the Motion for Summary Judgment, ECF No. 98, and given that Buyer has not moved to strike Mr. Cox's Affidavit in Opposition to the Motion for Summary Judgment.

**D.      Some of Mr. Cox's Testimony Is Not Based on Specialized Knowledge and Must Be Excluded**

Seller contends that Buyer cites to *Daubert* for the proposition that the subject of expert testimony must be "scientific knowledge." ECF No. 112 at 6. In so arguing, it appears that Seller is suggesting that Buyer has disputed that *Daubert* equally applies to testimony based on technical or other specialized knowledge. To the contrary, Buyer, quoting *Daubert* itself, acknowledged that "'if the scientific, **technical, or other specialized knowledge** will assist the trier of fact to understand the evidence or to determine a fact in issue' an expert 'may testify thereto.'" ECF No. 111 at 6 (emphasis added). Buyer went on to explain that here, Mr. Cox's "opinion does not require any scientific, technical, or specialized knowledge, and would not assist the trier of fact in determining the issues." *Id.*

In any event, Seller's Response does not even address Buyer's argument that the following opinions of Mr. Cox do not require specialized knowledge and/or are based on pure

speculation and are therefore not appropriate for expert testimony: (a) Mr. Chaves' report was "hastily prepared in the early morning hours following a rushed telephone conversation with Jose Isaac Peres of Multiplan"; (b) that Buyer had already determined it did not wish to proceed with the transaction in November 2015; and (c) there was a "drastic reversal" in the financial position of Buyer's president, Jose Peres, in "late 2016 [sic]."

Instead, Seller merely contends that Mr. Cox should be permitted to testify that Buyer had buyer's remorse because "with over 23 years' experience with yacht transactions, Mr. Cox has no doubt frequently encountered 'Buyer's remorse,'" and "his opinion that Plaintiff's conduct in this case fit[s] that pattern is a fair comment on the evidence." ECF No. 112 at 6. First, in arguing that the testimony should be permitted because it is a "fair comment on the evidence," Seller applies the wrong legal standard altogether. In order to satisfy its burden of showing that Mr. Cox's testimony is admissible, Seller must demonstrate that: (1) the expert is competent and qualified to testify regarding the matters that he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) his testimony will assist the trier of fact to understand the evidence or determine a fact in issue. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340-41 (11th Cir. 2003) (internal citations omitted). Seller has not met this standard, and Mr. Cox should be prohibited from testifying at trial.

Moreoever, Seller has not refuted Buyer's position that Mr. Cox's opinion on "buyer's remorse" does not require specialized knowledge and will not assist the trier of fact in understanding the evidence or determining a fact at issue. As the Eleventh Circuit has explained, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered expert testimony generally will not help the trier of fact when it

offers nothing more than what lawyers for the parties can argue in closing arguments." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1111 (11th Cir. 2005) (citation omitted); *accord United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985) (observing that expert testimony is admissible if it offers something "beyond the understanding and experience of the average citizen").  Here, the trier of fact needs no assistance in understanding the concept of buyer's remorse.  Rather, that concept is within the understanding of the average lay person, and, while it may be an appropriate subject for closing argument, it certainly is not a proper topic for expert testimony.

WHEREFORE, Plaintiff respectfully requests that the Court prohibit Mr. Cox from testifying at trial, and grant such further relief as it deems proper.

**SHUTTS & BOWEN LLP**
*Counsel for Plaintiff*
200 E. Broward Blvd., Suite 2100
Fort Lauderdale, Florida  33301
Phone:  (954) 524-5505
Fax:   (954) 888-3071

By: */s/ Amy M. Wessel*
**JOSEPH M. GOLDSTEIN**
Florida Bar No. 820880
Email: jgoldstein@shutts.com
       jgoodwin@shutts.com
**AMY M. WESSEL**
Florida Bar No.: 93837
Email: awessel@shutts.com
       lcocuyame@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2017 a true and correct copy of this document was served by email to all parties on the Service List below.

*/s/ Amy M. Wessel*
Amy M. Wessel

## SERVICE LIST

Robert L. Jennings, Esq.
*Counsel for Defendant Walthem Assets Ltd.*
Jennings & Valancy, P.A.
306 S.E. Detroit Ave., Stuart, FL 34994
Primary email:  HBrj@aol.com
Secondary email: service.rljpa@gmail.com

FTLDOCS 7295769 1